120 WEST 86TH STREET CORPORATION, Respondent, *v.* LEON M. BODENHEIMER, Appellant.

(Supreme Court, Appellate Term, First Department, March, 1920.)

Summary proceedings — contracts — lease — landlord and tenant — evidence.

> The written answer of a tenant to a letter from his landlord, specifically referring to the apartment then tenanted by him and setting forth the increased rental and the duration of the term, constitutes a clear acceptance of the terms previously made by the landlord during the correspondence between the parties, and the new contract is complete though they contemplated that it should be reduced to writing.
>
> Under the original lease the landlord was not bound to make repairs, but in a summary proceeding to dispossess the defendant for holding over after the expiration of the original term he claimed to hold over under the new lease made before the expiration of the original lease and not otherwise. The evidence tended to show that at the request of the defendant, who desired certain repairs to be made, the landlord's agent called at the apartment and made a list of such repairs. It further appeared that while the defendant, in one of the letters written by him during the negotiations for a renewed term, suggested to the landlord that the item of

Appellate Term, First Department, March, 1920.    [Vol. 110.

repairs — a distinctly collateral matter — be definitely settled in a manner requested by him, his prior acceptance of a new term was not dependent upon the observance of such suggestion. *Held,* that whether defendant's allusion to repairs in the suggestion contained in his letter operated as a conditional acceptance of the terms of the landlord's original offer or not, should have been submitted to the jury as requested by defendant, and that the final order of removal entered on a verdict directed in favor of the landlord should be reversed and a new trial ordered.

Appeal by tenant from final order of the Municipal Court of the city of New York, borough of Manhattan, fifth district, entered on verdict directed for landlord.

Koenig, Sittenfield & Aranow (Frank Aranow, of counsel), for appellant.

William Bell Wait, for respondent.

Wagner, J.    Prior to October 1, 1919, the tenant occupied the landlord's premises under a three-year lease expiring on that date. The summary proceeding was instituted on the ground that the tenant held over after the expiration of his term. The defense was that prior to September 30, 1919, the landlord and tenant made an agreement or contract of lease in writing wherein the premises described in the petition (except the maid's room in the basement) were demised to the tenant for three years from October 1, 1919, at a rental of $2,400 a year; and that in pursuance of said contract the tenant holds over under said lease, and not otherwise. The evidence shows negotiation between the parties looking toward a renewed term in the premises; that the tenant desired certain repairs to be made, and at his request the landlord's superintendent called at the apartment and made a list of such repairs; and the following corre-

spondence between the landlord's agent and the tenant Bodenheimer is relied upon by the tenant as establishing his defense:

"MR. LEON BODENHEIMER,

"120 West 86th St., New York City:

"MY DEAR MR. BODENHEIMER.— I am sending out notices today to the tenants about the renewals and will let you know as soon as I get word if there is anything similar to your present apartment on another floor for rent. If you wish to stay in your present apartment or take another seven (7) room apartment the rent from October 1st, 1919 will be $2400 per year on a three (3) year lease. The rental of the maid's room in the basement will be $12.50 per month or $120 per year if taken by the year. Should you decide to stay in your present apartment, kindly let me know before the 15th of April at which time we expect to offer any apartments not taken for rent.

"Yours very truly,

"GEO. A. BOWMAN."

The tenant's letter in reply is as follows:

"MR. GEO. A. BOWMAN,

"115 West 42nd St., N. Y.:

"DEAR SIR.— I have decided to renew the lease on my apartment on your terms of $2400 a year without the basement room. Mrs. Bodenheimer gave Mr. Gropp a list of what she wanted done, copy of which I attach herewith. I suggest that you send your lease to me for signature and embody in them or write a separate letter that the repair work will be done as per attached list.

"Very truly yours,

"LEON M. BODENHEIMER."

(List of repairs referred to in the above letter.)

Appellate Term, First Department, March, 1920.    [Vol. 110.

This was answered by the landlord with the following letter:

" Mr. Leon M. Bodenheimer,

" 212 Fifth Ave. N. Y. C.:

" Dear Sir.— I just got an estimate on part of the work you want done in your apartment and in discussing it with the owner am told that it would be impossible to do all this work.  In making the low rate of rent I did to the old tenants, it was anticipated that they would not want as much work done as the new tenants, but if we are going to be obliged to do as much for the old tenants as we would have to do to procure a new one, there does not seem to be any reason that we should not get the rent we are offered for these apartments from new tenants.  I have a very responsible and desirable tenant who is most anxious to take your apartment at $2600 and he does not want as many expensive changes made as you are asking.  Therefore, it would be impossible for us to get together in the matter.

" Yours very truly,

" Geo.  A.  Bowman."

To which the tenant replied:

" New York, *April* 29, '19.

" Mr. Geo. A. Bowman,

" 115 W. 42nd St. N. Y. C.:

" Dear Sir.—Your rather unusual letter of the 28th was received by me this morning.  Inasmuch as you are making changes and repairs for all the old tenants in the building, I cannot see how the owner can object to making the repairs we have requested as my increase in dollars and cents is considerably more than the majority of the tenants have been raised.  I would like to hear from you at once with a statement as to

what is objectionable to the owner in the matter of changes asked for by me.

"Very truly yours,

"Leon M. Bodenheimer.

"P. S.—I suggest that you stop in our apartment tomorrow morning and go over the work requested with Mrs. Bodenheimer so that you can fix in your own mind the fact that we have asked for nothing unusual."

It is argued that because of the tenant's insistence upon having certain repairs made by the landlord, the latter did not agree for a continuation of the term. I cannot so construe the correspondence as above set forth and think the direction of a verdict in favor of the landlord was error. The tenant's answer in writing constituted in my mind a clear acceptance of the terms previously made by the owner. It specifically referred to the apartment then tenanted, set forth the increased rental rate, and the duration of the term. Their minds met on all the essential particulars. The terms having been agreed upon, the contract was complete, though a subsequent reduction to writing was contemplated. The contention is made that the tenant's acceptance was conditional in terms, dependent upon the landlord's consent to make certain repairs, and hence constituted a rejection of the original offer. I find it impossible to thus interpret the letter or the conduct between the parties. The original lease cast no obligation upon the landlord to make repairs. What he had performed in that respect theretofore was voluntary on his part. The letter of acceptance contained but an allusion to repairs which the tenant's wife had spoken of before to the landlord's agent, and the suggestion is made that the lease to be formally prepared embody the specified items,

or that a separate letter be written the tenant regarding them. The letter evidences only a suggestion or request, and contains no word of proviso or condition. It is apparent that not only before had the landlord made repairs, but that his intention was to make further repairs at that time, shown by the fact that he had sent his superintendent and painter to the apartment of the tenant to ascertain what was necessary. Furthermore his letter dated April twenty-eighth clearly denotes that he intended to repair all the apartments before rerenting them, and the answer thereto of the tenant on its face attests the latter's clear belief and assurance that the contract for leasing had been effected and the question of repairs but a collateral one. I regard the letter of acceptance by the clear import of its terms as merely offering a suggestion on the tenant's part relative to a matter unconnected with the lease. It was not a formal demand any more than an acceptance upon condition. The previous paragraph containing the phrase '' renewal  *  *  *  on your terms of $2,400,'' signified an unqualified acceptance, unhampered and unfettered with any condition precedent to be observed or terms of necessity to be provided for or incorporated in the lease definitely arranged for. There was no new or different obligation demanded of the landlord in relation to the lease than that originally offered. At the most, it amounted to only a suggestion that the item of repairs — a distinctly collateral matter, which were intended to have been made and had been discussed independently of the renewal, be definitely settled in a manner requested by the tenant, but upon the observance of which he clearly did not make his prior acceptance of the new term dependent. In any event whether the tenant's allusion to repairs in his suggestion contained in his

letter operated as a conditional acceptance of the terms of the original offer, or not, should have been left to the jury for determination as requested by defendant, and I think the directed verdict was improper.

Final order reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and BIJUR, JJ., concur.

Final order reversed and new trial ordered, with thirty dollars costs to appellant to abide event.